UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN MATTOX, III,** *et al.*, | : | Case No. 1:04CV2258 |
| | : | |
| *Pro se* **Plaintiffs,** | : | JUDGE O'MALLEY |
| | : | |
| v. | : | |
| | : | |
| | : | **OPINION & ORDER** |
| **ASHTABULA TOWNSHIP,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

This matter arises on Defendants Ashtabula Township, Sam Bucci, Joseph Pete, Sr. and Stephen McClure's Motion To Dismiss (Doc. 3) (collectively "Ashtabula Defendants" and "Motion to Dismiss"), which was filed on December 20, 2004 and <u>remains unopposed</u>.[1]  For the reasons outlined briefly below, the Ashtabula Defendants' motion is **GRANTED**.  Accordingly, Plaintiffs' claims against those Defendants are **DISMISSED with prejudice**.

Further, Plaintiffs' purported claims against the Ashtabula County Sheriff's Department are **DISMISSED with prejudice** because the department is not *sui juris*.

With regard to Plaintiffs' claims against police officers Raymond Sharp and Joe Bemme, Plaintiffs are **ORDERED TO SHOW CAUSE within 10 days of the date of this Order** as to why

---

[1]  On March 31, 2005, the Court contacted the Plaintiffs directly to ensure that they were aware of the pending motion.  Plaintiff, Cheryl Mattox confirmed receipt of the Ashtabula Defendants' Motion to Dismiss.

those claims should not be dismissed for failure to prosecute.

## I.     BACKGROUND

The Complaint is anything but clear as to the facts underlying the Plaintiffs' claims. The Court understands the relevant facts to be as follows.

For reasons unknown to the Court, Defendant Raymond Sharp, presumably in the course of his duties as an Ashtabula County sheriff's deputy, encountered Plaintiffs John and Cheryl Mattox. During that encounter, and for reasons not alleged in the Complaint, Sharp allegedly searched the Plaintiffs. Generally, Plaintiffs allege that the searches were unconstitutional because they were not based on sufficient probable cause. They allege no facts in support of that proposition, however. Specifically, Plaintiffs allege that Sharp's search of Cheryl Mattox was facially inappropriate because she – and presumably any female – was entitled to be searched only by a female deputy. They further allege that Sharp's search of her person was conducted in an inappropriate and sexually harassing manner. John Mattox also avers that, in addition to the generic harm he suffered from the unconstitutional nature of the search, he was harmed by his observation of Sharp's "inappropriate" search of his wife.

Plaintiffs then allege that, after the initial encounter, Sharp left Cheryl Mattox alone with her car in a "remote area" for 5 hours before directing members of her family to her location. Apparently, she doesn't drive and, therefore, felt stranded. Absent further explanation, however, this allegation appears to contradict the assertion that John Mattox was present during the encounter. Though alternate plausible explanations exist – e.g., that Sharp arrested John Mattox and took him in for booking, leaving Cheryl Mattox alone with the couple's vehicle – the Complaint is devoid of any facts

that reconcile this facial inconsistency. The Court, and the Defendants are, therefore, left to speculate as to what the Plaintiffs are alleging. In sum, the Complaint fails to explain the events leading up to the alleged encounter and the subsequent searches.

As to the non-law enforcement Defendants, the Plaintiffs allege responsibility for Sharp's alleged misconduct seemingly based solely on *respondeat superior*. They allege that, based on his failure to properly investigate Sharpe's activities, Lieutenant Joseph Bemme – who is presumably Sharp's supervisor – is professionally and personally liable. Similarly, they allege that the Ashtabula Sheriff's Department, Ashtabula Township[2] and the individual Ashtabula Township trustees ratified Sharp's conduct *via* omission and/or acquiescence. Plaintiffs nowhere assert, however, that the trustees had any direct, or even indirect, involvement. They simply assert that responsibility for alleged misconduct is imputed to the township and its trustees.

Plaintiffs further assert, in conclusory fashion, that all of the Defendants engaged in a conspiracy to violate the Plaintiffs' civil rights. The Complaint makes no factual allegations in support of any of these theories, however, beyond those limited facts relative to the alleged encounter with Sharp outlined at ¶¶ 38-44 of the Complaint.

---

[2] At ¶ 3 of the Complaint, the Plaintiffs suggest that the State of Ohio and Ashtabula County are Defendants in this case. Reading the Complaint as a whole, however, it is evident that the Ashtabula Defendants (as defined at the beginning of this Order) are the only properly named and served Defendants in addition to the two sheriff's deputies. The Court, therefore, disregards the Plaintiffs' overly broad references to these additional entities. As a substantive legal basis exists for refusing to acknowledge the Ashtabula Sheriff's Department as a proper defendant in this case, the Court further addresses that entity at Section III-C *infra*.

## II. LEGAL STANDARD

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.[3] *Summit Health, Ltd. v. Pinhas*, 111 S.Ct. 1842, 1845 (1991); *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir. 1990); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III. DISCUSSION

### A. The Ashtabula Defendants' Motion To Dismiss Is Well-Taken.

The Motion to Dismiss is facially well taken in that it has remained unopposed for 4 months. As noted above, the Court contacted Cheryl Mattox directly on March 31, 2004 and confirmed that the Plaintiffs had received, and were aware of, the motion. To date, they have failed to file any opposition brief.

The motion also is substantively well taken. In sum, the Ashtabula Defendants argue that the

---

[3] Though the Motion to Dismiss does not formally indicate that it is grounded on Rule 12(b)(6), given the argued bases for dismissal, and the procedural posture of the case, the Court presumes that the movants base their motion on that civil rule.

Plaintiffs' civil rights claims are insufficiently pleaded in that they are devoid of any factual support as to those Defendants. In this regard, the Ashtabula Defendants accurately characterize the Plaintiffs' allegations as "conclusory" in that the suggest that liability necessarily flows to the township and its trustees from a law enforcement officer's alleged wrongdoing.

"[I]n the context of a civil rights claim . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983 . . . some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). As outlined in greater, and accurate, detail in the Motion to Dismiss, Plaintiffs have failed to sufficiently plead facts in support of their civil rights claims against the Ashtabula Defendants, especially the individual trustees. Indeed, nowhere in the body of the Complaint are the individual trustees identified or discussed. They are simply named as Defendants.

Though not specifically argued in the Motion to Dismiss, Plaintiffs also have failed to sufficiently plead their § 1983 claim against Ashtabula Township. Fed. R. Civ. P. 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Leatherman v. Tarrant County narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (holding that there is no heightened pleading requirement when asserting a § 1983 claim against a municipality). To set forth a cognizable § 1983 claim against a municipality, however, a plaintiff must allege that (1) agents of the municipality, while acting under color of state law, (2) violated the plaintiff's constitutional rights, and (3) that a municipal policy or policy of inaction was the moving force behind the violation. *See City of Canton v. Harris*, 489 U.S. 378, 379 (1989). The Supreme Court then clarified the third element by requiring plaintiffs to allege that their injuries were caused by an

5

unconstitutional policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entity's officers. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 (1978).

A § 1983 plaintiff may be able to recover from a municipality without adducing evidence of an affirmative decision by policymakers if he is able to prove that the challenged action was pursuant to a state "custom or usage." *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *Monell*, 436 U.S. at 690 (adding that "Congress included customs and usages in § 1983 because of the persistent and widespread discriminatory practices of state officials . . . . Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."). Also, a municipal "custom" may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice. *Memphis, Tennessee Area Local, American Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902-03 (2004) (citing *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir.1989)).

At the pleading stage, however, in order to sufficiently allege a § 1983 claim, the Plaintiffs must at least allege that the township has an established custom of allowing its police officers to abuse arrested individuals and that the custom alleged was a moving force behind the Plaintiffs' injuries.[4] Plaintiffs have failed to sufficiently plead "custom or usage," however, and have simply relied on

---

[4] In this case, the officers in question are sheriff's deputies who, the Court assumes, are employed by Ashtabula County and not Ashtabula Township. This fact could raise a further question as to whether Ashtabula Township can be liable in any event, even if the Plaintiffs had properly pleaded their § 1983 claim. In that they have not, however, the Court need not address this potential issue.

*respondeat superior* as the basis for imposing liability upon the municipal defendant in this case.

### B. Plaintiffs' Failure To Prosecute Their Claims Against Defendants Raymond Sharp and Joe Bemme, Absent A Showing Of Good Cause, Warrants Dismissal With Prejudice.

Plaintiffs filed their Complaint on November 12, 2004. On December 23, 2004, Plaintiff John Mattox filed returns of service indicating that Defendants Raymond Sharp and Joe Bemme had been served with process.[5] To date, approximately 120 days later, neither of these Defendants have answered Plaintiffs' Complaint. Plaintiffs, however, have not sought default, nor pursued a default judgment against these Defendants.

Accordingly, Plaintiffs are hereby ORDERED to show case within 10 days of the date of this Order as to why their claims against Defendants Raymond Sharp and Joe Bemme should not be dismissed for failure to prosecute. Failure to do so will result in immediate dismissal of those claims.

### C. Defendant Ashtabula County Sheriff's Department Is Not *Sui Juris* And, Therefore, Cannot Be Sued.

In addition to their claims against individual sheriff's deputies, Plaintiffs purport to assert claims against the Ashtabula County Sheriff's Department.[6] Because a sheriff's department is not *sui juris*,

---

[5] The docket presently reflects that Raymond Sharpe and Lt Joseph Bemme received service of process *via* certified mail on December 14, 2004 and December 19, 2004, respectively – both at 25 W. Jefferson St., Jefferson, Ohio 44047. *See* Docs. 5 and 6. While the Court presumes, for purposes of this motion, that these Defendants have been properly served, it does not decide that issue.

[6] As with the Defendants identified in footnote 2 *supra*, Plaintiffs purport to assert claims against the Ashtabula County Sheriff's Department. In addition to the fact that it is unclear from the Complaint that the Plaintiffs intend to sue the department – e.g. the docket does not reflect service upon the department – the Court relies on the above legal conclusion to adjudicate that the Ashtabula County Sheriff's Department is not a party herein.

however, Plaintiffs cannot assert such claims.  *See e.g., Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 301 (6th Cir. 2005).  Accordingly, the Court *sua sponte* DISMISSES with prejudice, to the extent a claim was asserted, Plaintiffs' claims against the Ashtabula County Sheriff's Department.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Ashtabula Township, Sam Bucci, Joseph Pete, Sr. and Stephen McClure's Motion To Dismiss (Doc. 3) is **GRANTED** and Plaintiffs' claims against those Defendants are **DISMISSED with prejudice**.

Plaintiffs' purported claims against the Ashtabula County Sheriff's Department are **DISMISSED with prejudice** because the department is not *sui juris*.

Plaintiffs are **ORDERED TO SHOW CAUSE within 10 days of the date of this Order** as to why their claims against Defendants Raymond Sharp and Joe Bemme should not be dismissed for failure to prosecute.  Failure to do so will result in immediate dismissal of those claims.

 **IT IS SO ORDERED.**

>                          s/Kathleen M. O'Malley
>                          **KATHLEEN McDONALD O'MALLEY**
>                          **UNITED STATES DISTRICT JUDGE**

**DATED:  April 20, 2005**